**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Lagerald L. Dunham, Appellant.

Appellate Case No. 2019-001538

---

Appeal From York County
William A. McKinnon, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-222
Submitted March 1, 2022 – Filed May 18, 2022

---

**AFFIRMED**

---

Appellate Defender Lara Mary Caudy, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia, and Solicitor Kevin S. Brackett, of York, for
Respondent.

---

**PER CURIAM:** Lagerald L. Dunham appeals his conviction for trafficking in
methamphetamine and sentence of eighteen years' imprisonment. On appeal,
Dunham argues the trial court erred by denying his motion for a directed verdict

because the State failed to produce any direct or substantial circumstantial evidence. We affirm.

Viewing the evidence in the light most favorable to the State, Maribeth McCormack's testimony reasonably tended to prove Dunham's guilt. Thus, the trial court did not err by denying Dunham's motion for a directed verdict. *See State v. Brown*, 402 S.C. 119, 124, 740 S.E.2d 493, 495 (2013) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, [an appellate c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate c]ourt must find the case was properly submitted to the jury."); S.C. Code Ann. § 44-53-375(C) (2018) ("A person . . . who is knowingly in actual or constructive possession . . . of ten grams or more of methamphetamine . . . is guilty of a felony which is known as 'trafficking in methamphetamine or cocaine base' . . . .").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.